May it please the Court, Jody Philip on behalf of Mr. Magana, I'd like to reserve two minutes for rebuttal. Your Honors, the issue here is whether Mr. Magana's due process rights were violated where three years elapsed between the time that the District Court issued the warrant and the time that revocation proceedings were held. I think the main issue with the due process violation is that here Rule 32 does require that revocation proceedings occur within a reasonable amount of time. Here, three years is not a reasonable amount of time. Even though Mr. Magana was in custody during that period of time, he was in custody in federal court in the same district as the violation. Did they have available to him some form of writ of habeas corpus ad prosecundum? What he did was he did file a motion to the District Court essentially asking for his case to be dealt with. The District Court denied his motion and didn't appoint counsel for hearing on that motion. Didn't do anything further with it and didn't bring him to court. Essentially all the District Court would have had to have done is set a hearing date for the revocation proceeding and he would have been brought and the case would have been handled. Was he offered some kind of a plea agreement in connection with the revocation proceeding? At the new revocation proceeding? Yes. No. The plea he was offered was at the time he was sentenced on the substantive crime. On the substantive crime. On the substantive crime, with respect to the plea agreement, what happened is on the substantive crime, the original plea agreement that was offered to him. Included. Included that probation would have to run consecutive. He'd have to agree that probation could run consecutive. He wanted to have the benefit of some concurrent time or the option of requesting concurrent time. So the parties reached the plea agreement which was executed by the parties that didn't include that requirement. The reason the plea agreement got what it wanted anyway by not issuing the warrant or not prosecuting the warrant until after he had served. Exactly. So they circumvented, but you rejected that plea agreement, you entered into another one, the government got what it wanted anyway. Right. And then your Honor's correct. Circumvented by violating his due process rights. When there's no reason for the delay. When you look at the factors here, it's very fact specific. Rule 32.1 in the advisory notes lays forth the fact that the due process rights are, do require due diligence and that they are fact specific. And when you look, and one of the things that the advisory notes say you're supposed to look to is whether the petitioner is available or can be made available. He was available because he was in the same courthouse for months on his new case. And even at the time that he was sentenced on his new case, he remained in the state of California in federal custody and could have been made available had the warrant been executed in the way in which it should have been executed. The when I'm looking at the time period as well, the other problem with. I mean, you're talking about when you say he's entitled under Rule 32 to a hearing within a reasonable time. You're talking about Rule 32.1. I don't know. A. B1A. B1A. No, I'm not. Because Rule 32. B1A, as the government pointed out, requires that you be in custody on the violation. And although I think there's an argument that he is in custody on the violation once the court issued. So then you're going to 2. B1A. B2. 32.1. B2 does not have that requirement. Yeah, but it says it must wait by the person. Now, the question is, it seems to me, is whether that the person they're referring to is the person that's under a. And that they're talking about a person in custody. Then they go on with what happens with the person in custody, including the revocation hearing. Well, the operative language in 32.1. B2 is that the court must hold the revocation hearing within a reasonable time. There's not always a requirement of a preliminary hearing. So A sets forth when a preliminary hearing is required. The revocation provision in B2, or B1 sets forth the preliminary hearing revocation. And B2 sets forth the revocation hearing. You're trying to take them apart, though. Aren't we talking about a person in custody for violating a condition of probation? And that's what 2 was referring to? Somebody doesn't necessarily have to be in custody for violating a condition of supervised release. B1 says a person in custody. And then B2 says you have to hold the revocation hearing within a reasonable time. So first the person has to be in custody for violating a condition of probation or supervised release to get the 2, don't you? No, because somebody can be outside of custody. Well, they can be. But if you're relying on 2, it seems to require that somebody already is in custody. And then it's saying, and if that person has to be brought for a hearing within a reasonable time. And your client wasn't in custody on the violation? I think there can be an argument made that he was once that was issued. Anybody can make any argument. Because, well, when you look at the fact that he was not allowed to leave custody when he was released on his 48-month sentence, he was a hold there, and he was automatically taken in to deal with this revocation. So he was being held for this as well as the time he was doing. But even if the court feels that he was not in custody, the revocation, the provisions of 32.1B2 do not require that somebody be in custody. Or it would say that. In B1A, it specifies, it qualifies the language for a person who's in custody on the revocation or for the violation. B1 or 32.1B2 does not have that qualification. And the reason is because somebody can be outside of custody having committed a violation, and that person is still entitled to a timely revocation hearing. There is still the requirement that due process mandates. And in this case, it's particularly prejudicial to Mr. Magana, because had the court went forward on his violation and had the same thing happen, that he received a 12-month sentence, the way the Bureau of Prison calculates sentences, that 12 months would have attached to his 48-month sentence, and he would have actually served about 10 months for the revocation hearing because he would have received good time credit. And what did he get? 12 months. And because he did not get 12 months in one day, the statutory maximum for him was 12 months. Because he did not get any more than 12 months, he did not get good time. So he essentially will serve an additional two months on the violation that he would not have had to have served had the warrant been executed timely. I have two minutes left, so unless there are further questions, I'll reserve. Thank you, Your Honor. Counsel. Good morning, Your Honors. May it please the Court, Harold Trump v. United States. Your Honor, on appeal, Mr. Magana raises two issues, the first being Federal Rule 32.1, the second that the circumstances were a violation of 18 U.S.C. 3583I. Very briefly on the second issue, on page 10 of Mr. Magana's reply brief, he concedes that the district court had original jurisdiction of the supervised release, and therefore, by that reading, 3583I, which applies to extending jurisdiction for the court when the original supervised release term has ended, is not applicable, and therefore that issue is moved. You mean the sentence that says here the government is technically correct, the district court retained original jurisdiction over Mr. Magana? Yes, Your Honor. So let me ask you, just procedurally, who makes the determination, which office is it that makes the determination of when the bench warrant is to be executed? Your Honor, it's my understanding that the procedure is that U.S. Probation will issue a petition to the court, and then the court will issue the warrant. And that warrant, then, I believe, is just lodged to the Bureau of Prisons as a detainer. So it was given to the Bureau of Prisons. What triggers the execution of it so that the defendant becomes entitled to a hearing? Is it within the probation officer's discretion? Your Honor, I don't know. It isn't really your decision. It isn't really your office's decision, is it? I don't have a clear answer for that yet. Well, I do, because I'm still doing it for people I sentenced years ago. The court can writ a defendant back, you know, to court. However, I believe the process now is that it will sit there as a detainer lodged until the prison term ends. And at that point in time, Mr. McDonough would have been brought back forth. By who? But who's the – my experience, it seems, is that it's up to the probation officer. He gets the warrant signed by the judge. The judge gives it back to the probation officer. Because, after all, this is supervised release we're talking about, right? That's correct, Your Honor. And so they're controlling it, they're supervising. And then it's the probation officer that seems to make the determination of the execution. And I remember that because they used to always get him executed on Friday night so that the guy would have to spend the whole weekend in jail before he could come to the judge for the hearing. And that's my understanding as well, Your Honor. So instead of doing it on Friday night and having a Monday hearing, the probation officer in this case did it sometime, I mean, almost immediately upon the beginning of the three years, and then waited three years. Well, Your Honor, to say it waited three years, I believe because Mr. McDonough was already serving his time in custody with the Bureau of Prisons, the warrant is placed into a system where then it becomes lodged as a detainer with the Bureau of Prisons. And so I imagine the probation officer could have made an affirmative action to request the court to writ Mr. McDonough back to the Southern District of California. However, I don't believe that is the ordinary practice. No, it just doesn't seem right that the probation officer, it's within the probation officer's discretion to just lodge it and not do anything about it in depriving the defendant of his right to get good time credits or to have somewhat of a concurrent sentence, again, before a judicial officer. And I'm not sure it's reasonable in this case on these facts. And, Your Honor, when we speak of rights, I do want to draw the Court's attention to the Supreme Court's holding in Moody v. Daggett. And Moody had very similar circumstances. But that's whether it's constitutional, right? Correct, Your Honor. All right. And the question here is what Rule 32 requires. Yes, Your Honor. And as the Court was mentioning, I do believe that Rule 32.1 comes into effect once an individual is in custody for their violation of probation or supervised release. Here, Mr. Magano was not in custody for his violation of release until his warrant was executed. The detainer isn't enough? No, Your Honor. The detainer is merely lodged with the institution and will await pending release. And this is similar to Moody, because in Moody, the Petitioner had committed a Federal crime in the District of Arizona. He was incarcerated and then placed on parole. And while on parole, he committed another Federal crime, again in the District of Arizona. Upon his new sentence, he was incarcerated again. And while he was serving that term, the parole board issued a violated warrant. And that warrant was lodged with the institution incarcerating him as a detainer. Aware of this, Moody requested that this warrant be executed immediately and that he be allowed for immediate probation or parole revocation hearing so that he can serve his sentences concurrently. And it's upon those facts, Your Honor, very similar to Mr. Magano's facts, that the Supreme Court held that there's no constitutional right to an immediate revocation hearing and that the trigger for a due process during violation proceeding is when one is taken into custody on that violation and not during the term when they're serving incarceration for the other crime. And those mirror the facts here for Mr. Magano. And those are actually the things. But the same underlying facts are the crime and the violation here. Correct, Your Honor. Which is another vehicle in this case. It's different from Moody. No, Your Honor. In Moody, the violation was based on his new conviction. Also in the same district in Arizona, which is similar to... That's right. Moody says the commission, therefore, has no constitutional duty to provide petitioner an adversary parole hearing until he's taken into custody as a parole violator by the execution of the warrant. That's kind of the language that you're relying on. That's correct, Your Honor. Which is why it's not a constitutional violation. Right. But what I think the issue here is whether it's a violation of Rule 32. And the government's contention here is that Rule 32.1 only comes into play when an individual is taken in custody on that warrant for that violation, as 32.1B1A reads. Well, that's B1A. That's the... B1A is in general under preliminary hearing. Do you think that applies to the revocation hearing? I believe the two flow into each other, Your Honor. I believe that... Because it doesn't say in custody under two. It only says in custody under one, which is preliminary hearing. That's correct, Your Honor. But I do believe that the probable cause hearing comes first, and then after that occurs a revocation hearing. And I believe 32.1 is really mirrored after the Supreme Court's holding in Morrissey v. Brewer, which really outlined the due process rights for revocation proceedings. And they outline the fact that a probable cause hearing, and then a revocation proceeding, and then that an individual should have the right to present evidence, confront witnesses, and so forth, as outlined again in Rule 32.1 further along. That's like three stages. Taken without delay before a magistrate judge, then have a hearing to see if there's probable cause to believe a violation is, and then unless waived, then the court must hold a revocation hearing within a reasonable time. Correct, Your Honor. So the government contends that this flows naturally in a chronological order. And it was on the district court's basements ruling on Moody that it denied Mr. Margana's motion. Well, Moody and 31a, b1, and b2. Yes, Your Honor. And on those grounds, Your Honor, the government requests that this Court affirm the district court's decision. If there are no further questions, the United States will submit. Thank you, Your Honor. Thank you, Your Honor. Addressing the Moody case, the Moody case is based on parole regulations that specifically permitted the parole board to wait. There were three options the parole board could take under the regulations. This case is based under Rule 32. When you look at Rule 32, the construction does not show that there's a requirement that the person be in custody. And, in fact, case law supports that reading because case law states that there's no requirement for a preliminary hearing in supervisory release revocation hearings. So if there's no requirement for one, then it can't be that it flows from each step of Rule 32 that the person be in custody. To the extent that Rule 32 is vague on that issue, then construction requires So you're basically, then you're not proceeding under Rule 32 at all, are you? I am. Under the revocation proceedings of Rule 32.1b2. Well, that, it says, a, a person held in custody. And that's the way the district, that's the way Judge Thompson tracked it. Take him for, before delay. Then he goes to b1 and b2. And since this whole thing isn't triggered until the word is executed, detainer is not good enough. But that's an incorrect reading of Rule 32 because Rule 32 does not require Rule 32.1b2 does not require that the person be in custody. There's no language that requires that. And to the extent that the statute's vague, the rule of lenity requires that it be read in favor of the defendant. But it seems the three just follow logically as the night, the day. Take him before a magistrate and then figure out probable cause and then a revocation hearing. But there's separate proceedings that are not all required. So when you take each proceeding and look at what's required for that particular proceeding, it's not, reasonableness is required for the revocation hearing. That it not be an unreasonable delay. That it be handled within a reasonable time is required. And fundamental fairness dictates that Mr. Magana be treated in a fundamentally fair way when you look at the revocation period of the delay. Three years is fundamentally unfair for him to have to wait to then be dragged over from having served his sentence and brought into court, especially when he specifically requested that the district court handle his matter in a timely fashion. SANTANA. Doesn't Santana answer the question in the opposite way? No, Your Honor. Santana is ‑‑ I believe Santana was dealing with the issuance of the warrant until the initial appearance. And so Santana specifically dealt with that provision of aid that did require that the person be in custody. And it was dealing with the delay from the issuance of the warrant until the initial appearance. Here, we're dealing with the delay from the issuance of the warrant for the revocation proceeding, before the revocation proceeding. So in that case, there was a 25‑day delay between issuing and bringing the person before ‑‑ I'm sorry, execution and bringing the person before the court. Here, the execution isn't ‑‑ we're not saying there's a delay in the from one day. But what we're saying is that one‑day period should have happened three years ago. That it shouldn't have taken three days to have that one‑day period occur. Santana? Yeah. It says you measure it from the time they're taking you into custody on the violation. Yeah. How did his arrest actually proceed? I mean, was he ‑‑ so he was caught at the border, and then he was taken into custody right then? Right. He was taken into Federal custody, you know, immediately upon his arrest. What was the basis stated for that detention? For his illegal entry into the United States. At that point in time, the government initiated proceedings against him, and then we're also considering the revocation proceedings at that period of time. And I believe that the court could have brought him before itself. I believe that the probation office could have brought him. I believe that the government could have requested that the warrant be executed. So when you're asking who could execute the warrant, there's three different government bodies that could have executed the warrant, and none of them did so, and that's unreasonable in this case. Thank you. Thank you. Case discharges will be submitted. Next case on the calendar for oral argument is ‑‑ well, the next case is submitted on the briefs, Fine v. Sheriff of Los Angeles County. Next case for oral argument is Worldwide Rush v. City of Los Angeles.
judges: Reinhardt, Trott, Wardlaw